DECISION
In this Declaratory Judgment action, the Plaintiff International Brotherhood of Police Officers, Local 569 (the Plaintiff), contends that pursuant to G.L. 1956 § 42-28.6-13(G), the Defendant City of East Providence, Police Department (the City), is liable for the payment of back benefits to Officer Jason Francis of the East Providence Police Department (Officer Francis) after he was acquitted of criminal charges and the related work suspension was lifted. The City contends that it is not required to reimburse Officer Francis for the period during which his first suspension overlapped with a pending second suspension, both suspensions being due to separate criminal charges. Jurisdiction is pursuant to chapter 30 of title 9 of the Rhode Island General Laws (the Uniform Declaratory Judgments Act).
 I Facts and Travel
The following is a recitation of the undisputed facts: On May 27, 2005, Officer Francis was indicted by a grand jury. There were four criminal charges, two of which were felonies (the first set of charges). On the next day, May 28, 2005, Officer Francis was given notice of *Page 2 
suspension without pay pursuant to § 42-28.6-13(G) (relating to suspension during pendency of felony charges). While still on suspension, on or about July 30, 2006, Officer Francis was charged by Criminal Information with five more charges, three of which were felonies (the second set of charges).
On February 22, 2007, Officer Francis was acquitted by a jury of the first set of charges. On March 5, 2007, shortly after the acquittal, the City of East Providence notified Officer Francis that in light of the second set of charges, and "effective retroactive to July 30, 2006," his suspension would continue pursuant to § 42-28.6-13(G).
 II Standard of Review
Under the Uniform Declaratory Judgments Act, the Court "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9-30-1. Section9-30-2 provides that the Uniform Declaratory Judgments Act should be "liberally construed and administered." Furthermore, "[a] decision to grant or deny declaratory . . . relief is addressed to the sound discretion of the trial justice. . . ." Imperial Cas. and Indemnity Co.v. Bellini, 888 A.2d 957, 961 (R.I. 2005).
 III Analysis
Officer Francis maintains that § 42-28.6-13(G) does not give the City authority to suspend him retroactively, and he seeks the Court to declare that he is entitled to back benefits for the entire suspension period related to the first set of charges; namely, from May 28, 2005 to February 22, 2007. The City counters by contending that § 42-28.6-13(G) gives it the discretion to retroactively suspend individuals, and that unless and until Officer Francis is acquitted of the *Page 3 
second set of charges, he is not entitled to back benefits from the date that those charges were leveled.
To resolve the conflicting claims, the Court must consider the pertinent language contained in § 42-28.6-13. In doing so, the Court is mindful that "when the language of a statute is clear and unambiguous, [it] must enforce the statute as written by giving the words of the statute their plain and ordinary meaning." Park v. Rizzo Ford,Inc., 893 A.2d 216, 221 (R.I. 2006). That is because "[t]he plain meaning of the statute is the best indication of the General Assembly's intent." Id. (quoting State v. Grayhurst, 852 A.2d 491, 516 (R.I. 2004)); see also State v. Andujar, 899 A.2d 1209, 1215 (R.I. 2006) (observing that "[t]he best evidence of such intent can be found in the plain language used in the statute"). Accordingly, "it is axiomatic that this Court will not broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute."Id.
However, where the language of a statute is ambiguous, the Court will apply rules of statutory construction. See Park, 893 A.2d at 221;see also W.P. Assocs. v. Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994) (defining an ambiguous term as one which is reasonably susceptible to more than one interpretation). In interpreting an ambiguous statute, the Court must ascertain the Legislature's intention "by considering the entire statute, keeping in mind its nature, object, language and arrangement." Arnold v. R.I. DOL Training Bd. of Review, 822 A.2d 164,168 (R.I. 2003) (internal quotations omitted). The "ultimate interpretation of an ambiguous statute . . . is grounded in policy considerations" and the Court should not apply it "in a manner that will defeat its underlying purpose." Id. at 169. Furthermore, the Court "will not construe a statute to reach an absurd or unintended result."Park, 893 A.2d at 221 (internal quotations omitted). *Page 4 
Section 42-28.6-13(G) of the "Law Enforcement Officer's Bill of Rights," provides:
 "Any law enforcement officer who is charged, indicted or informed against for a felony or who is convicted of and incarcerated for a misdemeanor may be suspended without pay and benefits at the discretion of the agency or chief or highest ranking sworn officers; provided, however, that the officer's entitlement to medical insurance, dental insurance, disability insurance and life insurance as is available to all other officers within the agency shall not be suspended. In the event that the law enforcement officer is acquitted of any felony related thereto, the officer shall be reinstated and reimbursed forthwith for all salary and benefits that have not been paid during the suspension period." (Emphasis added.)
The plaintiff relies upon the phrase "any felony related thereto" in the second sentence of § 42-28.6-13(G) to support its contention that the suspension for the period up to the February 22, 2007 acquittal only was "related" to the first set of charges and, therefore, Officer Francis is entitled to back benefits to the date of the acquittal. The City maintains that § 42-28.6-13(G) gives it discretion to suspend police officers, and that nothing in the statute expressly limits said discretion.
The plain meaning of the first sentence of § 42-28.6-13(G) is that police officers who are formally accused of committing a felony, convicted of a felony, or incarcerated for committing a misdemeanor, may be suspended without pay at the discretion of the relevant official. Such a policy is reasonable because such criminal allegations and offenses call into question an officer's fitness to serve. The plain meaning of the second sentence is that if an officer is suspended because of felony accusations, but is later acquitted, he or she should not suffer economic harm as a result of such charges. Implicit in the second sentence is the policy that suspended police officers who are not acquitted — i.e., due to a conviction, a plea of no contest, or a guilty plea — should *Page 5 
not receive back benefits. Indeed, if an officer eventually is convicted, or pleads guilty, or no contest, that officer is subject to dismissal from the police force. See § 42-28.6-13(I).[1]
It is undisputed that Officer Francis was entitled to back benefits for the period between May 28, 2005 and July 29, 2006, the day before the second set of charges was brought. That is because the suspension during that period only could have been attributable to the first set of charges, and those charges resulted in an acquittal.
The suspension period between the July 30, 2006 second set of charges and the February 22, 2007 acquittal, presents a closer inquiry, however. There is no question that during this latter period, Officer Francis already was under suspension stemming from the first set of charges. He also was subject to suspension as a result of the second set of charges. However, although the City had the discretion to immediately impose a second, overlapping suspension upon Officer Francis as a result of the second set of charges, it did not do so until after the February 22, 2007 acquittal.[2]
According to the March 5, 2007 notice, the City of East Providence notified Officer Francis that his suspension would continue pursuant to § 42-28.6-13(G) in light of the second set of charges, and that the suspension would be "effective retroactive to July 30, 2006." Officer Francis maintains that this action constituted an abuse of discretion; however, common sense would dictate that there was no need to suspend an officer who already was serving a suspension. Indeed, considering that he was on suspension at the time of the second set charges, it might well have been a waste of resources to impose a concurrent suspension on July 30, 2006. That is *Page 6 
because a suspended officer is entitled to a prompt hearing (see Section 42-28.6-4); however, if Officer Francis had been convicted on the first set of charges, he may have been dismissed and the City would not have needed to afford him a hearing on the second suspension.See § 42-28.6-13(I). It was only after Officer Francis was acquitted that notice of second suspension was necessary.
Furthermore, viewing the statute as a whole, this Court concludes that the Legislature did not intend to require the award of back benefits to an officer who, while acquitted of one set of felony charges, nevertheless faces conviction on another set of felony charges. Indeed, such an interpretation would lead to an absurd result.
Under the facts of this case, the Court concludes that the City had discretion to retroactively suspend Officer Francis. The Court further observes that Officer Francis has not and will not suffer any prejudice from the City's discretionary actions, because should he be acquitted of the second set of charges, he then would be entitled to seek reimbursement of his wages from July 30, 2006 to the date of the acquittal.
 IV Conclusion
Given the facts of this particular case, and after due consideration of the arguments advanced by the parties, the Court declares that §42-28.6-13(G) gave the City the discretion to retroactively suspend Officer Francis in the instant matter where he already was on suspension for unrelated reasons.
Counsel shall submit an appropriate judgment for entry consistent with this decision.
[1] Section 42-28.6-13(I) provides:
 "Any law enforcement [officer] who pleads guilty or no contest to a felony charge or whose conviction of a felony has, after or in the absence of a timely appeal, become final may be dismissed by the law enforcement agency, and in the event of such dismissal, other provisions of this chapter shall not apply."
[2] It should be noted that had the City not imposed the second suspension, Officer Francis conceivably could have sought reinstatement as a result of the acquittal even thought there existed unresolved, unrelated felony charges.